```
              UNITED STATES DISTRICT COURT
                       FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA

CORNELIUS SPENCER,               :
                                 :
        Petitioner               :   No. 1:14-CV-01177
                                 :
   vs.                           :   (Judge Kane)
                                 :
WARDEN JEFF THOMAS,              :
                                 :
        Respondent               :
```

**MEMORANDUM**

Cornelius Spencer, an inmate at the United States Penitentiary located in Lewisburg, Pennsylvania ("USP-Lewisburg"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, in which he named Jeff Thomas, Warden of USP-Lewisburg, as the Respondent. Doc. 1, Spencer's Petition.  On January 17, 2008, Spencer was convicted of being a felon in possession of a firearm by the United States District Court for the Eastern District of Arkansas and sentenced to a term of imprisonment of 180 months followed by 5 years of supervised release. Doc. 8-2, Exhibits in Support of Response to Petition, 3 and 58-59.  Spencer's projected statutory release date is November 9, 2021. Id. at 59.

Spencer claims that his due process rights were violated during the course of a prison disciplinary hearing held on September 24, 2013, at USP-Lewisburg. Doc. 1, Spencer's Petition. Spencer was found guilty under prison regulations of Abuse of the Telephone, a code 297 violation and received sanctions, including the loss of Good Conduct Time and telephone privileges. Id.; Doc.

8-2, Exhibits in Support of Response to Petition, 40-43. Spencer requests that all sanctions imposed on him be discharged. Id. A response to the petition was filed by Warden Thomas on July 22, 2014. The petition became ripe for disposition on August 5, 2014, when Spencer filed a traverse. For the reasons set forth below, Spencer's petition will be dismissed.

**I. Background**

On September 18, 2013, Spencer was served with Incident Report No. 2493867 charging him with Abuse of the Telephone and Giving or Receiving Anything of Value from an Inmate in violation of prison code numbers 297 and 328, respectively. Doc. 8-2, Exhibits in Support of Response to Petition, 40 and 44. The incident report relates to a call placed to telephone number 501-248-7267 which was listed in Spencer's prison records as a phone number of one of his parents. Id. at 54. At the time the phone call was placed Spencer's telephone privileges were suspended for a previous violation of the regulations regarding phone calls. Id. at 41. The phone call was placed using the pin number of Spencer's cell-mate, Christopher Cline. Id. In Spencer's traverse he admits that the phone number dialed on September 18, 2013, was the phone number of his mother. Document 10, Traverse, 2. He also admits that the phone call was placed using the pin number of his cell-mate. Id.

2

The incident report was prepared by Senior Officer David Hess on September 18, 2013, and states in pertinent part as follows:

> On 09/18/13 at approximately 4:05pm I reviewed a phone call placed by Cline, Christopher #35913-037 to telephone number 501-248-7267 this date at 2:11pm on line XBLK-1-LEW-X-A. After reviewing this call it is apparent this is not the voice of inmate Cline. The voice heard on 9/18/2013 at 2:11pm on line XBLK-1-LEW-X-A is the voice of inmate Spencer, Cornelius #24643-009, inmate Cline's cellie. [A]fter reviewing inmate records it has been determined the telephone number called is listed on inmate Spencer's telephone list as his parent. After reviewing this call it is evidence to this officer Cline provided his telephone account to inmate Spencer to place a telephone call.

Doc. 8-2, Exhibits in Support of Response to Petition, 44.  On September 18, 2013, a copy of the incident report was provided to Spencer and he was advised of his rights, including his right to remain silent and identify witnesses. Id. at 44, 46 and 53.  The incident report was also read to Spencer by Lieutenant E. Stuart and Spencer was given an opportunity make a statement. Id. at 46. Spencer stated that he never used the phone and it was not his voice on the recording of the telephone call. Id.  Spencer also declined to identify any witnesses. Id.  After reviewing the incident report, the recording of the phone call and interviewing inmates, Lieutenant Stuart concluded that it was evident that the call was placed by Spencer because it was his voice on the recording. Id.  Lieutenant Stuart, therefore, referred the incident report to the Unit Discipline Committee ("UDC"). Id.

3

On September 19, 2013, Spencer appeared before the UDC and made the following statement: "This was not me. My celly (Cline #35913-037) knows my mom and he called her. I was never on the phone." Id. at 45. The UDC referred the charges to the Discipline Hearing Officer ("DHO") and gave Spencer notice of that decision and advised him of his rights at the DHO hearing, including his right to be represented by a staff member at the hearing and the right to call witnesses. Id. at 44-45 and 49. Spencer declined a staff representative for the DHO hearing but requested a witness, Senior Officer B. Shuman, who Spencer represented could testify to the fact that he was not on the phone. Id. at 48. The UDC further recommended that to "change negative behavior" if the DHO found that Spencer committed the prohibited acts, it recommended that the DHO apply all appropriate sanctions. Id. at 45.

On September 24, 2013, Spencer appeared for a hearing before the DHO at which time he acknowledged he understood his rights and was ready to proceed. Id. at 53. Spencer presented no documentary evidence but testified that the description of the incident was not accurate, he was not on the phone and it was his cell-mate who made the call. Id. Spencer reiterated his desire to call officer B. Shuman as a witness and the DHO granted that request and contacted officer Shuman over a speaker phone. Id. When officer Shuman was advised that Spencer claimed that he could testify that Spencer was not on the phone, officer Shuman

responded by stating the following: "Now, how am I supposed to know that." Id. 53-54.

The DHO in ruling on the incident report considered the following documentary evidence: (1) the incident report: (2) Federal Bureau of Prisons TRUVIEW phone lists report dated September 20, 2013 documenting that telephone number 501-248-7267 was recorded as a number of the "Parent" of inmate Spencer; (3) Federal Bureau of Prisons TRUFONE currently suspended telephone accounts report that documents inmate Spencer was on telephone restriction at the time of the incident; and (4) Federal Bureau of Prison TRUPHONE monitored recorded call. Id. at 41. The DHO listened to the recorded conversation and found that it revealed that a "female caller identified as Spencer's mother addressed him as "Cornelius" at the beginning of the telephone call. Id. at 42. The DHO further stated in his decision finding Spencer guilty of the offense of Abuse of the Telephone as follows:

> [T]he reporting officer stated that he recognized your voice during the telephone call; the DHO monitored the telephone call and also recognized your voice; the DHO also noted the content of the call supports it was you using inmate Cline's telephone account to call your Parent; specifically the DHO overheard the female caller referring to you as "Cornelius"; your first name is Cornelius; you, and inmate Cline have a previous and recent disciplinary infraction where he allowed you to use his telephone account to place a call; no information was discovered to support your claim that it was not you on the telephone during your commission of this prohibited act. . . . The DHO concluded you are responsible for your actions and have presented no evidence to convince this DHO you did not commit the prohibited act.

5

Id. Spencer did not present any documentary or other evidence and did not request that additional evidence be presented before the DHO rendered a decision. Id. at 40-43.

The DHO issued his decision on September 30, 2013, which imposed the following sanctions against Spencer: 60 days disciplinary segregation; 38 days loss of good conduct time; forfeiture of 38 days of non-vested good conduct time; and 3 years loss of telephone use. Id. at 43. The DHO stated that "[l]oss of telephone privileges for a substantial period of time is warranted based on inmate Spencer's repeated misconduct for abuse of the telephone." Id. The DHO informed Spencer that he had the right to appeal the decision within twenty (20) days. Id. Spencer received a copy of the decision on September 30, 2013. Id.

On October 15, 2013, Spencer filed an appeal (Administrative Remedy No. 754201-R1) of the DHO's decision with the Regional Office of the Bureau of Prisons. Id. at 32. This appeal was denied on October 22, 2013. Id. Although Spencer attaches an unsworn declaration under penalty of perjury to his traverse in which he claims that he submitted an appeal or administrative remedy form to the Central Office of the Bureau of Prisons, records of the Bureau of Prisons do not reveal such a filing and Spencer did not attach to his traverse a copy of the administrative remedy form.

**II. Discussion**

Respondent argues that Spencer's petition should be dismissed for failure to exhaust administrative remedies. Doc. 8. The Court has authority under 28 U.S.C. § 2241 to review disciplinary sanctions imposed by the Bureau of Prisons for violating prison regulations. However, this court may do so only after the petitioner has exhausted his available Bureau of Prisons's administrative remedies. United States v. Wilson, 503 U.S. 329 (1992); Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). If a petitioner fails to exhaust administrative remedies, the district court must dismiss the petition. Callwood, 230 F.3d at 634. Furthermore, the burden is on Spencer in a 2241 habeas proceeding to prove that he exhausted administrative remedies. Meyers v. Martinez, 427 Fed. Appx. 125, 127 (3d Cir. 2011)(citing Coady v. Vaughn, 251 F.3d 480, 488 (3d Cir. 2001)(2254 habeas proceeding)).

The Bureau of Prisons has established an administrative remedy procedure, which is set forth at 28 C.F.R. § 542.10 et seq., whereby a federal prisoner may seek formal review of any aspect of his imprisonment. Inmates must first informally present their complaints to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for administrative relief. 28 C.F.R. § 542.13(a). If unsuccessful at informal resolution, the inmate may raise his complaint with the

warden of the institution where he is confined. Id. at § 542.14(a). If dissatisfied with the response, the inmate may then appeal an adverse decision to the Regional Office and then to the Central Office of the Bureau of Prisons. Id. at §§ 542.15(a). No administrative remedy appeal is considered to have been fully and finally exhausted until it has been denied by the Bureau of Prisons's Central Office. Id.

In this case Spencer has not proven that he exhausted the administrative remedy procedures set forth in 28 U.S.C. § 542.10 et seq. Spencer has not established that he sought appropriate review at the Central Office of the Regional Office's October 22, 2013, denial of Administrative Remedy No. 754201-R1.

"[F]ailure to satisfy the procedural rules of the [Bureau of Prisons'] administrative process constitutes a procedural default." Moscato, 98 F.3d at 760-761 (citing Francis v. Rison, 894 F.2d 353,355 & n.2 (9th Cir. 1990); Sanchez v. Miller, 792 F.2d 694, 697 (7th Cir. 1986)). If a default renders the administrative process unavailable, review of a habeas claim is barred "absent a showing of cause and prejudice[.]" Id. at 761.

Cause is generally only established where the petitioner shows that "some external objective factor impeded" his or her efforts to comply with the Bureau of Prisons's administrative remedy provisions. See Murray v.

Carrier, 477 U.S. 478, 488 (1986). As the United States Court of Appeals for the Second Circuit has noted, where "legitimate circumstances beyond the prisoner's control preclude him from pursuing his administrative remedies," cause is established. Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001). Spencer has not established cause for his failure to seek timely review with the Central Office of the Regional Office's October 22, 2013, denial of Administrative Remedy No. 754201-R1.

The court discerns no external objective factor which prevented Spencer from pursuing his available administrative remedies. Furthermore, even if Spencer established cause, he has not established prejudice.

In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court set forth the following minimum procedural due process rights to be afforded to a prisoner accused of misconduct in prison which may result in the loss of good time credit: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the disciplinary charges; (3) an opportunity to call witnesses and present documentary evidence in his defense when it is consistent with institutional safety and correctional goals; (4) assistance from an inmate representative if the charged inmate is illiterate or complex issues are involved; and (5) a written decision by the

fact finder of the evidence relied upon and the rationale behind the disciplinary action. Id. at 563-67. The Supreme Court has held that the standard of review with regard to the sufficiency of the evidence is whether there is "any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445-46 (1985); see also Griffin v. Spratt, 969 F.2d 16, 19 (3d Cir.1992).  If there is "some evidence" to support the decision of the hearing examiner, the court must reject any evidentiary challenges by the plaintiff. Hill, 472 U.S. at 457.  The Hill standard is minimal and does not require examination of the entire record, an independent analysis of the credibility of the witnesses, or even a weighing of the evidence. See Thompson v. Owens, 889 F.2d 500, 501-502 (3d Cir. 1989).

      Spencer has essentially made three arguments.  First, he contends that the DHO lacked sufficient evidence to make a finding of guilt.  More specifically, he contends that under the Federal Rules of Evidence the DHO needed a voice identification to find him guilty.  Second, he claims that the DHO failed to admit exculpatory evidence of his pin usage.  Spencer argues that his pin usage would have somehow proven that he did not use the telephone.  Third, Spencer argues that the sanctions imposed were unreasonable. In this regard, Spencer focuses on the 3-year suspension of his telephone privileges.  Spencer's arguments are without merit.

It is clear from the court's review of the facts set forth above that the DHO found Spencer guilty based on "some evidence" as required by Superintendent v. Hill, *supra*. The officers who investigated the incident and the DHO were familiar with Spencer's voice and appropriately made a judgment that he was the individual who placed the call utilizing inmate Cline's pin number. The DHO was not required to obtain testimony from a voice identification expert. Spencer has not shown how records of his pin usage would exonerate him. Furthermore, Spencer did not raise any procedural issues or request such documentary evidence regarding his pin usage prior to or at the time of the hearing before the DHO.

Finally, with regard to the suspension of Spencer's telephone privileges this is not a claim that is cognizable under 28 U.S.C. § 2241 because it does not affect the fact or duration of Spencer's confinement. See Learner v. Fauver, 288 F.3d 532, 540-542 (3d Cir. 2002); Jenkins v. Zinkefoose, 2012 WL 2574804, *1 n.1 (D.N.J. July 2, 2012); Mansfield v. Federal Burea of Prisons, 2010 WL 2542224, *2 (M.D.Pa. June 23, 2010(Muir, J.). Spencer is serving a 15-year prison term imposed in 2008 for being a felon in possession of a firearm and this was Spencer's second violation of code 297, Abuse of the Telephone since the imposition of that sentence. The sanction of suspending telephone privileges is authorized under 28 U.S.C. § 541.3 F ("Lost of privileges (e.g., visiting, telephone, commissary, movies, recreation)"). See Cruz

v. Warden, LSCI Allenwood, 2010 WL 3167550, *1-6 (M.D. Pa. August 10, 2010)(McClure, J.)(suspension of telephone privileges for 13 years).

Spencer was accorded all of his due process rights established by Wolff and there was some evidence to support the decision of the DHO in accordance with Hill.  Consequently, Spencer's petition must be dismissed.

Finally, because Spencer is not detained because of process issued by a state court and the petition is not brought pursuant to 28 U.S.C. § 2255, no action by this court with respect to a certificate of appealability is necessary.

An appropriate order will be entered.

         S/ Yvette Kane
        Yvette Kane
        United States District Judge

Date: May 14, 2015